# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

No. 10-51094
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILDARDO BUSTAMANTE-OLAGUE, also known as Gilardo Bustamante,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1748-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gildardo Bustamante-Olague (Bustamante) pleaded guilty to one count of illegal reentry. *See* 8 U.S.C. § 1326. The district court sentenced him to 57 months of imprisonment, within the guidelines range of imprisonment of 57 to 71 months. He argues that his within-guidelines sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51094

reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51-52 (2007).

This court has rejected Bustamante's argument that a prior conviction should not be used to increase both the offense level and the criminal history score, i.e., the double-counting argument. *See, e.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). This court has also rejected Bustamante's assertion that his illegal reentry was simply an international trespass. *See, e.g., United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

As Bustamante acknowledges, his fast-track argument is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008). As for Bustamante's personal history and circumstances, he has not shown that any irrelevant or improper factor was considered, that any relevant factor was not considered, or that the court's weighing of those factors was a "clear error of judgment." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

Bustamante's disagreement with the court's assessment of the referenced factors is insufficient to rebut the presumption that the sentence is reasonable. *See Alonzo*, 435 F.3d at 554.

AFFIRMED.